**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TORY BURCH LLC; RIVER LIGHT V, L.P. | |
| Plaintiffs, | CIVIL ACTION NO. _____ |
| v. | COMPLAINT |
| YONG SHENG INTERNATIONAL TRADE CO., LTD; CONGDADA PENA; BINGFENG QUI; LI YAXIACHAI; LI BIN; LINJIANPING; JACK WILSON; JIANGUO CHEN; TORYBURCH-MALL.COM; ZHUZIXIAN; BILL FISHER; ANTLEO LIN; JQ LIN; WU JUNYU; MILLION MAN d/b/a TORYBURCHOUTLETSHOP.COM; VECTO S. d/b/a TORYBURCHSALE.NET; LIDAYONG; ZHAN JIAQUIN; JIAXINTONG IMPORT & EXPORT CO. LTD d/b/a SPORTS SDFSS; KEYWHOLESALE.COM INC; YUCANG LI; FREESHIPPINGHANDBAG.COM; RUAN FA; NINE NINE TRADE; DONGWEI; LOUBOUTINTIME.COM; DYLAN d/b/a JIMMYBOOTS.COM; ONESTOP-ONLINESHOPPING.COM; ZHONGTIAN; RAO YUZHAO d/b/a TOPSHOESTOBAGS TRADE CO. LTD.; COLO CHONG d/b/a UGGLOUBOUTIN CO, LTD; YE JUNJIE d/b/a GUIHE TRADING CO. LTD; XINLI CHEN d/b/a GUANGZHOU FASHIONPURSUE TRADE CO. LTD.; WU DONG d/b/a SPORTS SERIES TRADE CO. LTD; WHOLESALEUSLIVE.COM; JESSKI2010; CHINA SUNSHINE INTERNATIONAL TRADING CO. LTD. d/b/a NAME-BRAND-ONLINE.COM; YANG QIAO d/b/a FASHION866 TRADE CO., LTD.; CHEN JIONGYANG d/b/a FASHIONHOLIC CO. LTD.; XIAO XIANMO d/b/a XIAMEN SHINSON TRADING CO., LTD.; RIHONG LIN d/b/a JACK SMITHS; XYZ COMPANIES; and JOHN and JANE DOES | [FILED UNDER SEAL PURSUANT TO 15 U.S.C. § 1116] |
| Defendants. | |

Plaintiffs TORY BURCH LLC and RIVER LIGHT V, L.P. (collectively referred to as "Tory Burch" or "Plaintiffs") hereby file this Complaint for *inter alia* trademark counterfeiting, cybersquatting and related claims against Defendants YONG SHENG INTERNATIONAL TRADE CO., LTD; CONGDADA PENA; BINGFENG QUI; LI YAXIACHAI; LI BIN; LINJIANPING; JACK WILSON; JIANGUO CHEN; TORYBURCH-MALL.COM; ZHUZIXIAN; BILL FISHER; ANTLEO LIN; JQ LIN; WU JUNYU; MILLION MAN d/b/a TORYBURCHOUTLETSHOP.COM; VECTO S. d/b/a TORYBURCHSALE.NET; LIDAYONG; ZHAN JIAQUIN; JIAXINTONG IMPORT & EXPORT CO. LTD d/b/a SPORTS SDFSS; KEYWHOLESALE.COM INC; YUCANG LI; FREESHIPPINGHANDBAG.COM; RUAN FA; NINE NINE TRADE; DONGWEI; LOUBOUTINTIME.COM; DYLAN d/b/a JIMMYBOOTS.COM; ONESTOP-ONLINESHOPPING.COM; ZHONGTIAN; RAO YUZHAO d/b/a TOPSHOESTOBAGS TRADE CO. LTD.; COLO CHONG d/b/a UGGLOUBOUTIN CO, LTD; YE JUNJIE d/b/a GUIHE TRADING CO. LTD; XINLI CHEN d/b/a GUANGZHOU FASHIONPURSUE TRADE CO. LTD.; WU DONG d/b/a SPORTS SERIES TRADE CO. LTD; WHOLESALEUSLIVE.COM; JESSKI2010; CHINA SUNSHINE INTERNATIONAL TRADING CO. LTD. d/b/a NAME-BRAND-ONLINE.COM; YANG QIAO d/b/a FASHION866 TRADE CO., LTD.; CHEN JIONGYANG d/b/a FASHIONHOLIC CO. LTD.; XIAO XIANMO d/b/a XIAMEN SHINSON TRADING CO., LTD.; RIHONG LIN d/b/a JACK SMITHS; XYZ COMPANIES; and JOHN and JANE DOES (collectively, "Defendants"), on personal knowledge as to Plaintiffs' own activities and on information and belief as to the activities of others:

## THE PARTIES

1.      Plaintiff TORY BURCH LLC is a limited liability corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 11 West 19th Street, 7th Floor, New York, NY 10011.

2.      Plaintiff RIVER LIGHT V, L.P. is a subsidiary of Tory Burch LLC, and is organized and existing under the laws of the State of Delaware, having its principal place of business at 11 West 19th Street, 7th Floor, New York, NY 10011.

2

3.      Defendant YONG SHENG INTERNATIONAL TRADE CO., LTD d/b/a toryburchus.com is a business whose actual name is currently unconfirmed and true address is currently unknown.

4.      Defendant CONGDADA PENA d/b/a toryburchstores.com is a business whose actual name is currently unconfirmed and true address is currently unknown.

5.      Defendant BINGFENG QUI d/b/a toryburchbsest.com is a business whose actual name is currently unconfirmed and true address is currently unknown.

6.      Defendant LI YAXIACHAI d/b/a toryburchok.com is a business whose actual name is currently unconfirmed and true address is currently unknown.

7.      Defendant LI BIN d/b/a toryburchcom.com is a business whose actual name is currently unconfirmed and true address is currently unknown.

8.      Defendant LINJIANPING d/b/a toryburchbrand.com is a business whose actual name is currently unconfirmed and true address is currently unknown.

9.      Defendant JACK WILSON d/b/a toryburchbag.com is a business whose actual name is currently unconfirmed and true address is currently unknown.

10.     Defendant JIANGUO CHEN d/b/a toryburchshops.com is a business whose actual name is currently unconfirmed and true address is currently unknown.

11.     Defendant TORYBURCH-MALL.COM is a business whose actual name is currently unconfirmed and true address is currently unknown.

12.     Defendant ZHUZIXIAN d/b/a toryshoes.com is a business whose actual name is currently unconfirmed and true address is currently unknown.

13.     Defendant BILL FISHER d/b/a toryburch2011.com is a business whose actual name is currently unconfirmed and true address is currently unknown.

3

14.      Defendant ANTLEO LIN d/b/a toryburchsaler.com is a business whose actual name is currently unconfirmed and true address is currently unknown.

15.      Defendant JQ LIN d/b/a discounttoryburch.com is a business whose actual name is currently unconfirmed and true address is currently unknown.

16.      Defendant WU JUNYU d/b/a toryburch-outlet.com is a business whose actual name is currently unconfirmed and true address is currently unknown.

17.      Defendant MILLION MAN d/b/a toryburchoutletshop.com is a business whose actual name is currently unconfirmed and true address is currently unknown.

18.      Defendant VECTO S. d/b/a toryburchsale.net is a business whose actual name is currently unconfirmed and true address is currently unknown.

19.      Defendant LIDAYONG d/b/a toryburch-retail.com is a business whose actual name is currently unconfirmed and true address is currently unknown.

20.      Defendant ZHAN JIAQUIN d/b/a toryburch-sale.com is a business whose actual name is currently unconfirmed and true address is currently unknown.

21.      Defendant JIAXINTONG IMPORT & EXPORT CO. LTD d/b/a SPORTS SDFSS is a business whose actual name is currently unconfirmed and true address is currently unknown.

22.      Defendant KEYWHOLESALE.COM INC is a business whose actual name is currently unconfirmed and true address is currently unknown.

23.      Defendant YUCANG LI d/b/a designerhandbags8.com is a business whose actual name is currently unconfirmed and true address is currently unknown.

24.      Defendant FREESHIPPINGHANDBAG.COM is a business whose actual name is currently unconfirmed and true address is currently unknown.

4

25.     Defendant RUAN FA d/b/a eluxuryclothing.com is a business whose actual name is currently unconfirmed and true address is currently unknown.

26.     Defendant NINE NINE TRADE d/b/a toryburchflatssale.com is a business whose actual name is currently unconfirmed and true address is currently unknown.

27.     Defendant DONGWEI d/b/a hotsdeal.com is a business whose actual name is currently unconfirmed and true address is currently unknown.

28.     Defendant LOUBOUTINTIME.COM is a business whose actual name is currently unconfirmed and true address is currently unknown.

29.     Defendant DYLAN d/b/a jimmyboots.com is a business whose actual name is currently unconfirmed and true address is currently unknown.

30.     Defendant ONESTOP-ONLINESHOPPING.COM is a business whose actual name is currently unconfirmed and true address is currently unknown.

31.     Defendant ZHONGTIAN d/b/a likehighheels.com is a business whose actual name is currently unconfirmed and true address is currently unknown.

32.     Defendant RAO YUZHAO d/b/a TOPSHOESTOBAGS TRADE CO. LTD. is a business whose actual name is currently unconfirmed and true address is currently unknown.

33.     Defendant COLO CHONG d/b/a UGGLOUBOUTIN CO, LTD. is a business whose actual name is currently unconfirmed and true address is currently unknown.

34.     Defendant YE JUNJIE d/b/a GUIHE TRADING CO. LTD. is a business whose actual name is currently unconfirmed and true address is currently unknown.

35.     Defendant XINLI CHEN d/b/a GUANGZHOU FASHIONPURSUE TRADE CO. LTD. is a business whose actual name is currently unconfirmed and true address is currently unknown.

NY 240,755,159v2

36.     Defendant WU DONG d/b/a SPORTS SERIES TRADE CO. LTD. is a business whose actual name is currently unconfirmed and true address is currently unknown.

37.     Defendant WHOLESALEUSLIVE.COM is a business whose actual name is currently unconfirmed and true address is currently unknown.

38.     Defendant JESSKI2010 is a business whose actual name is currently unconfirmed and true address is currently unknown.

39.     Defendant CHINA SUNSHINE INTERNATIONAL TRADING CO. LTD. d/b/a name-brand-online.com is a business whose actual name is currently unconfirmed and true address is currently unknown.

40.     Defendant YANG QIAO d/b/a FASHION866 TRADE CO., LTD. is a business whose actual name is currently unconfirmed and true address is currently unknown.

41.     Defendant CHEN JIONGYANG d/b/a FASHIONHOLIC CO. LTD. is a business whose actual name is currently unconfirmed and true address is currently unknown.

42.     Defendant XIAO XIANMO d/b/a XIAMEN SHINSON TRADING CO., LTD. is a business whose actual name is currently unconfirmed and true address is currently unknown.

43.     Defendant RIHONG LIN d/b/a JACK SMITHS is a business whose actual name is currently unconfirmed and true address is currently unknown.

44.     The preceding named Defendants are acting in conjunction with various Defendant XYZ Companies, John Does and Jane Does whose identities are not presently known (collectively, "Defendants"). If Defendants' identities become known, the Complaint herein will be amended to include such names of these individuals and corporations.

## JURISDICTION AND VENUE

4.     Defendants are doing business in New York and this District and are subject to the jurisdiction of this Court.

5.     This is an action for trademark counterfeiting and trademark infringement, cybersquatting and unfair competition and false designation of origin arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (October 12, 1984), the Anticybersquatting Consumer Protection Act of 1996, Pub. L. 104-153 (July 2, 1996), and the Prioritizing Resources and Organization for Intellectual Property Act of 2007, H.R. 4279 (October 13, 2008) (the "Lanham Act"), and for unlawful and deceptive acts and practices under the laws of the State of New York.

6.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a) and (b); and 15 U.S.C. §§ 1116 and 1121.  This Court has jurisdiction, pursuant to the principles of supplemental jurisdiction and 28 U.S.C. § 1367, over Tory Burch's claims for unlawful and deceptive acts and practices under the laws of the State of New York.

7.     This Court has personal jurisdiction over each Defendant in that each Defendant transacts business in the State of New York and this Judicial District.  This Court has personal jurisdiction over the Defendant pursuant to  N.Y.C.P.L.R. §§ 301 and 302. By continuously soliciting business from New York residents on the Internet through various fully-interactive websites, accepting payment in U.S. dollars from New York residents, and by delivering counterfeit products to residents of New York, Defendants are transacting business in New York and interstate commerce and have wrongfully caused Tory Burch substantial injury in the State of New York.

8.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a) in that the Defendants are entities or individuals subject to personal jurisdiction in this District. Further,

venue is appropriate since a substantial portion of the acts complained of herein were committed by Defendants within this District.

## BACKGROUND FACTS

**Tory Burch's Trademarks and Business**

9.      Tory Burch designs, manufactures and sells a wide range of high-quality and innovative footwear, handbags, clothing and accessories under its TORY BURCH brand, which it owns exclusively.

10.      Tory Burch is the owner of the entire right, title and interest in and to, *inter alia*, the following federally-registered trademarks and service marks:

| Registration Number | Trademark | Goods and Services |
|---|---|---|
| 3,428,374 | TORY BURCH | Handbags; Umbrellas |
| 3,386,532 | TORY BURCH | Retail clothing stores |
| 3,428,816 | TORY BURCH | Jewelry |
| 3,428,373 | TORY BURCH | Coats; Dresses; Footwear; Headwear; Jackets; Pants; Shirts; Shorts; Skirts; Sleepwear; Sweaters; Swim wear; Tops |
| 3,184,500 | TORY BURCH | Candles |
| 3,758,631 | TORY BURCH | Eyewear; Eyewear cases |
| 3,563,326 |  | A full line of women's clothing and footwear |
| 3,479,178 | REVA | Footwear |
| 3,024,142 |  | Retail clothing apparel and accessories stores |

| 3,029,795 | | A full line of women's apparel |
|---|---|---|
| 2,990,110 | | Retail luxury clothing apparel and fashion accessories stores, excluding footwear |

11.     All of the registrations listed above are valid, subsisting, unrevoked and uncancelled.  Tory Burch  also owns common law rights in these and other marks for use in connection with footwear, handbags, apparel and other goods as well as retail store services, including on-line retail store services.  Tory Burch's registered and common law trademarks are collectively referred to as the "TORY BURCH Marks."

12.     Tory Burch has sold high quality footwear, handbags, apparel, accessories and other products in connection with the TORY BURCH Marks (the "Tory Burch Products") since at least as early as 2004.  Genuine Tory Burch Products are distributed through a worldwide network of authorized licensees, distributors, and retailers, including high-end department stores, specialty stores, as well more than 30 Tory Burch retail boutiques and Tory Burch's Internet web store located at www.toryburch.com (the "Tory Burch Web Store").

13.     Tory Burch  maintains strict quality control standards for all Tory Burch Products.

14.     Tory Burch displays its TORY BURCH Marks and Tory Burch Products in its advertising and promotional materials. Each year Tory Burch spends substantial resources in

9

advertising and promoting the TORY BURCH Marks and Tory Burch Products, and Tory Burch enjoys substantial sales of Tory Burch Products.

15.    The continuous and broad use of the TORY BURCH Marks in connection with Tory Burch Products, as well as the prominent use of these marks in advertising and marketing, has enabled Tory Burch to achieve widespread fame, and has made the TORY BURCH Marks themselves among the most famous and widely-recognized marks in the fashion industry. As a result of Tory Burch's exclusive and extensive use and promotion of the TORY BURCH Marks, these marks have acquired enormous value and recognition in the United States and elsewhere throughout the world. Consumers, potential customers and other members of the public and fashion industry not only associate the TORY BURCH Marks with exceptional materials, style and workmanship, but also recognize that Tory Burch Products bearing the TORY BURCH Marks originate exclusively with Tory Burch.

## DEFENDANTS' UNLAWFUL ACTS

16.    Defendants are in interrelated group of counterfeiters knowingly and willfully manufacturing, importing, distributing, offering for sale and selling products designed to look like genuine Tory Burch Products bearing counterfeits of the TORY BURCH ("Counterfeit Products").

17. Defendants, without any authorization from Tory Burch, are knowingly and willfully using the TORY BURCH Marks in connection with the advertisement, offer for sale and sale of the Counterfeit Products on the Internet, including: (i) on dozens of "rogue" web sites designed by Defendants to appear to be authorized Tory Burch web stores or web sites authorized to sell genuine Tory Burch goods (collectively, the "Infringing Web Sites") and (ii) on selling pages

hosted on third-party wholesale business to business ("B2B") selling platforms such, as Alibaba.com and Ecplaza.net.

18.     In order to deceive consumers into buying the Counterfeit Products, Defendants have designed the Infringing Web Sites to resemble legitimate web stores authorized to sell genuine Tory Burch Products. These Infringing Web Sites are in English, accept payment in U.S. dollars through PayPal and/or major credit card, claim to provide superior customer service and conceal the fact they are not located in the U.S. Defendants have copied Tory Burch's proprietary web designs, photographs of genuine products and detailed product descriptions directly from the Tory Burch Web Store to further appear as legitimate web stores.

19.     To perpetuate this scheme, Defendants have registered and are using a large number of domain names containing the TORY BURCH Marks including, without limitation, the following domain names (collectively, the "Infringing Domain Names"):

| | |
|---|---|
| cheap-toryburchshoes.com | toryburch-retail.com |
| discounttoryburch.com | toryburch-retailshop.com |
| discounttoryburch.org | toryburch-sale.com |
| etoryburch.com | tory-burch-sale.com |
| lovetoryburch.com | toryburchsale.net |
| saletoryburch.com | toryburchsale.org |
| sale-toryburch.com | toryburchsaler.com |
| tory-burch.us | toryburchsell.com |
| toryburch2011.com | toryburch-shoes.us |
| toryburchbag.com | toryburchshoesonsale.com |
| toryburchbest.com | toryburchshoes-onsale.com |
| toryburchbrand.com | toryburchshoesoutlets.com |
| toryburchbrandstore.com | toryburchshoes-outlets.com |
| toryburchclassic.com | toryburchshoesstore.com |
| toryburchcom.com | toryburchshop.us |
| toryburchfans.com | toryburchshops.com |
| toryburchflatssale.com | toryburchsoutlets.org |
| toryburch-home.com | toryburch-store.com |
| toryburch-mall.com | toryburchstores.com |
| toryburchnow.com | toryburchto.com |

NY 240,755,159v2

| | |
|---|---|
| toryburchoffical.com | toryburchtopsale.com |
| toryburchok.com | toryburchuk.com |
| toryburchonsale.com | toryburchus.com |
| toryburch-outlet.com | toryburchyes.com |
| toryburchoutlet.org | toryshoes.com |
| toryburchoutlets.org | us-toryburchshoes.com |
| toryburchoutletshop.com | |

20.    Defendants have registered and are using the Infringing Domain Names as locations for the Infringing Web Sites with a bad-faith intent to profit from the TORY BURCH Marks.  Namely, by locating the Infringing Web Sites at the Infringing Domain Names, Defendants deceive consumers into believing that the Infringing Web Sites are selling authentic Tory Burch Products, when in fact they offer low quality counterfeits.

21.    The Counterfeit Products are not genuine Tory Burch Products, and Defendants are in no way authorized to sell the Counterfeit Products or operate the Infringing Web Sites. Tory Burch did not manufacture, inspect or package the Counterfeit Products and did not approve the Counterfeit Products for sale or distribution.  The Counterfeit Products are so similar in appearance to genuine Tory Burch Products that consumers are being deceived, just as Defendants' intend, into believing the Counterfeit Products are genuine.

22.    Defendants' use of the TORY BURCH Marks on or in connection with the advertising, marketing, distribution, offering for sale and sale of the Counterfeit Products and in conjunction with the Infringing Web Sites and Infringing Domain Names, is likely to cause and has caused confusion, mistake and deception by and among consumers and is irreparably harming Tory Burch and its TORY BURCH Marks.

## COUNT ONE

## FEDERAL TRADEMARK COUNTERFEITING AND INFRINGEMENT
## (15 U.S.C. § 1114)

23.    Tory Burch repeats and realleges the allegations above as if fully set forth herein.

12

24.     The TORY BURCH Marks and the goodwill of the businesses associated with them in the United States are of great and incalculable value, are highly distinctive, and have become universally associated in the public mind with Tory Burch Products and related services of the highest quality and reputation finding their source from Tory Burch.

25.     Without Tory Burch's authorization or consent, and having knowledge of both Tory Burch's well-known and prior rights in the TORY BURCH Marks and the fact that Defendants' Counterfeit Products bear marks which are intentionally confusingly similar to the TORY BURCH Marks, Defendants have manufactured, distributed, offered for sale and/or sold the Counterfeit Products to the consuming public in direct competition with Plantiff's sale of genuine Tory Burch Products, in or affecting interstate commerce.

26.     Defendants' use of copies or simulations of the TORY BURCH Marks on Counterfeit Products and in conjunction with Defendants' Infringing Web Sites is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the Counterfeit Products, and is likely to deceive the public into believing the Counterfeit Products being sold by Defendants originate from, are associated with or are otherwise authorized by Tory Burch, all to the damage and detriment of Tory Burch's reputation, goodwill and sales. Accordingly, Defendants are using reproductions, counterfeits, and copies of Tory Burch's federally registered marks in violation of 15 U.S.C. § 1114.

27.     Tory Burch has no adequate remedy at law and, if Defendants' activities are not enjoined, Tory Burch will continue to suffer irreparable harm and injury to its goodwill and reputation.

13

28.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the TORY BURCH Marks to Tory Burch's great and irreparable injury.

29.     Defendants are causing and is likely to cause substantial injury to the public and to Tory Burch, and Tory Burch is entitled to injunctive relief and to recover Defendants' profits, treble damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

## COUNT TWO

## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a))

28.     Plaintiffs repeat and reallege the allegations above as if fully set forth herein.

29.     Defendants' use of reproductions or confusingly similar imitations of the TORY BURCH Marks in connection with the Counterfeit Products is causing and is likely to cause confusion, deception, and mistake among the general purchasing public, by creating the false and misleading impression that Defendants' goods are manufactured or distributed by Tory Burch, or are affiliated, connected, or associated with Tory Burch, or have the sponsorship, endorsement, or approval of Tory Burch.

30.     By misappropriating and using the TORY BURCH Marks and trade name, Defendants misrepresent and falsely describe to the general public the origin and source of the Counterfeit Products and create a likelihood of confusion by consumers as to the source of such merchandise.

31.     Defendants' unlawful, unauthorized and unlicensed manufacture, distribution, offer for sale and/or sale of the Counterfeit Products creates express and implied misrepresentations that the Counterfeit Products were created, authorized or approved by Tory Burch, all to Defendants' profit and to Tory Burch's great damage and injury.

14

32.     Defendants' aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendants' use of the TORY BURCH Marks, in connection with their goods and services, in interstate commerce constitutes a false designation of origin and unfair competition.

33.     Tory Burch has no adequate remedy at law and, if the Defendants' activities are not enjoined, Tory Burch will continue to suffer irreparable harm and injury to its goodwill and reputation.

28.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the TORY BURCH Marks to Tory Burch's great and irreparable injury.

**COUNT THREE**

**CYBERSQUATTING UNDER THE ANTICYBERSQUATTING CONSUMER
PROTECTION ACT
(15 U.S.C. § 1125(d)(1))**

34.     Plaintiffs  repeat and reallege the allegations above as if fully set forth herein.

35.     The Infringing Domain Names are identical or confusingly similar to one or more of the TORY BURCH Marks, which were distinctive and/or famous at the time Defendants registered each of the Infringing Domain Names.

36.     Defendants registered and have used the Infringing Domain Names with a bad-faith intent to profit from the TORY BURCH Marks, namely by using the Infringing Domain Names to host the Infringing Web Sites where Defendants sell Counterfeit Products.

37.     Defendants have no trademark or other intellectual property rights in the Infringing Domain Names.

37.     Defendants' activities as alleged herein violate the federal Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

15

38.     Tory Burch has no adequate remedy at law and, if the Defendants' activities are not enjoined, Tory Burch will continue to suffer irreparable harm and injury to its goodwill and reputation.

39.     Defendants are causing and are likely to cause substantial injury to the public and to Tory Burch, and Tory Burch therefore is entitled to injunctive relief, including an order requiring transfer of the Infringing Domain Names to Tory Burch and to recover the costs of this action under 15 U.S.C. §§ 1116, 1117, and 1125(d).  In light of the egregious and exceptional nature of Defendants' conduct, Tory Burch is further entitled to reasonable attorneys' fees.

### COUNT FOUR

### UNLAWFUL DECEPTIVE ACTS AND PRACTICES
**(New York General Business Law § 349)**

39.     Plaintiffs repeat and reallege the allegations above as if fully set forth herein.

40.     Defendants, without Tory Burch's authorization or consent, and having knowledge of Tory Burch's well-known and prior rights in the TORY BURCH Marks, have manufactured, imported, distributed, offered for sale and/or sold the Counterfeit Products bearing marks which are identical to the TORY BURCH Marks to the consuming public in direct competition with Tory Burch's sale of genuine Tory Burch Products in violation of New York General Business Law § 349.

41.     Defendants' use of copies or simulations of the TORY BURCH Marks is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of Defendants' Counterfeit Products, and is likely to deceive the public into believing the Counterfeit Products being sold by Defendants originate from, are associated with, or are otherwise authorized by Tory Burch.

16

42.     Defendants' deceptive acts and practices involve public sales activities of a recurring nature.

43.     Tory Burch has no adequate remedy at law and, if Defendants' activities are not enjoined, Tory Burch will continue to suffer irreparable harm and injury to its goodwill and reputation.

## PRAYER FOR RELIEF

WHEREFORE, Tory Burch prays for judgment against Defendants as follows:

1.     That Defendants, their officers, agents, servants, employees, confederates, and all persons acting for, with, by, through or under them be permanently enjoined and restrained from:

    (a)     using Plaintiffs' TORY BURCH Marks, including any trademark, service mark, name, logo, design or source designation of any kind owned by Tory Burch, or any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' TORY BURCH Marks in connection with the distribution, advertising, offer for sale and/or sale of merchandise not the genuine products of Tory Burch; and

    (b)     passing off, inducing or enabling others to sell or pass off any Counterfeit Products as and for Plaintiffs' Tory Burch Products; and

    (c)     shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner footwear, handbags, apparel, accessories or other items falsely bearing Plaintiffs' TORY BURCH Marks, or any reproduction, counterfeit, copy or colorable imitation of same; and

    (d)     utilizing the Infringing Domain Names and registering, trafficking in, or using any additional domain names that use or incorporate any of Plaintiffs' TORY BURCH Marks, or any colorable imitation thereof; and

    (f)     using Plaintiffs' TORY BURCH Marks, including any trademark, service mark, name, logo, design or source designation of any kind owned by Tory Burch, or any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' TORY BURCH Marks in connection with Defendants' domain names, websites, other online services or activities, or any other goods or services, that is likely to cause confusion, mistake, deception, or public misunderstanding that such domain names, websites, other online services or activities, or other goods or services are

produced or provided by Tory Burch, or are sponsored or authorized by or in any way connected or related to Tory Burch; and

(h)     operating Infringing Web Sites; and

(i)     from further infringing all of Plaintiffs' Marks and damaging Plaintiffs' goodwill; and

(j)     from otherwise competing unfairly with Plaintiffs in any manner.

2.      That Defendants, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Tory Burch a written report under oath setting forth in detail the manner in which Defendants have complied with paragraphs a through j, *supra*.

3.      That the domain name registries, including but not limited to VeriSign, Inc., Neustar, Inc., and Public Interest Registry, and/or the individual registrars holding or listing one or more of the domain names used in conjunction with Defendants' Infringing Web Sites, including the Infringing Domain Names, shall, disable and/or continue to disable these domain names, through a registry hold or otherwise, and make them inactive and untransferable.

4.      That VeriSign, Inc., Neustar, Inc., and Public Interest Registry, and/or the individual registrars holding or listing one or more of the domain names cooperate with a registrar to be appointed by Tory Burch to re-register the Infringing Domain Names in Tory Burch's name and under Tory Burch's ownership.

5.      That Defendants account for and pay over to Tory Burch profits realized by Defendants and damages caused to Tory Burch, by reason of Defendants' unlawful acts herein alleged and, that the amount of damages for infringement of Tory Burch's registered trademarks be increased by a sum not exceeding three times the amount thereof as provided by law.

NY 240,755,159v2

6.      In the alternative, that Tory Burch be awarded statutory damages of $2,000,000 for each and every TORY BURCH Mark counterfeited by each Defendant and $250,000 per Infringing Domain Name for Defendants' willful counterfeiting and cybersquatting of the TORY BURCH Marks.

7.      That Plaintiffs be awarded reasonable attorneys fees and have such other and further relief as the Court may deem equitable including, but not limited to, any relief set forth under Sections 34-39 of the 1946 Trademark Act.

8.      That Tory Burch have such other and further relief as the Court may deem just.

Dated:   New York, NY
          December 14, 2010

Respectfully submitted,

By: _____

Scott Gelin (gelins@gtlaw.com)
Seth E. Kertzer (kertzers@gtlaw.com)
MetLife Building
200 Park Avenue
New York, NY 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400

*Attorneys for Tory Burch  LLC & River Light V, LP*

19