UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TORY BURCH LLC; RIVER LIGHT V, L.P.<br><br>　　　　　　Plaintiffs<br>　v.<br><br>YONG SHENG INTERNATIONAL TRADE CO., LTD; CONGDADA PENA; BINGFENG QUI; LI YAXIACHAI; LI BIN; et al.<br><br>　　　　　　Defendants. | CIVIL ACTION NO.: 10-cv-9336 (DAB)<br><br>[FILED UNDER SEAL PURSUANT TO 15 U.S.C. § 1116] |

### DECLARATION OF SCOTT GELIN IN SUPPORT OF PLAINTIFFS' *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER, ORDER TO DISABLE CERTAIN WEB SITES, ASSET RESTRAINING ORDER, EXPEDITED DISCOVERY ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

I, SCOTT GELIN, under penalty of perjury, declares and says:

1. I am an attorney licensed to practice law in the State of New York and before the bars of the Southern and Eastern Districts of New York. I am a shareholder in the law firm of Greenberg Traurig, LLP ("GT") and counsel to Plaintiffs TORY BURCH LLC and RIVER LIGHT V, L.P. (collectively referred to as "Tory Burch" or "Plaintiffs").

2. I submit this declaration in support of Tory Burch's *ex parte* Application for a Temporary Restraining Order, Order to Disable Certain Web Sites, Asset Restraining Order, Expedited Discovery Order and Order to Show Cause for Preliminary Injunction (the "Application") against YONG SHENG INTERNATIONAL TRADE CO., LTD; CONGDADA PENA; BINGFENG QUI; LI YAXIACHAI; LI BIN; et al. (collectively, "Defendants").

3. If called as a witness, I could testify to the following upon personal knowledge.

4.      On December 15, 2010, the Court requested that Tory Burch submit the following in addition to its other moving papers in support of its Application: (a) translations of a representative sampling of shipping labels written in Chinese characters and/or Chinese language attached to the Declaration of Matthew Hewlett in Support of the Application, dated December 10, 2010 ("Hewlett Declaration") and (b) a supplemental declaration to the Hewlett Declaration to provide more detailed information with respect to the investigation he and other investigators at Vaudra, Inc. ("Vaudra") undertook to determine the identities of each of the Defendants and to determine whether any of the addresses provided in connection with Defendants' web sites, domain name registrations or return addresses on shipping labels were valid.

5.      On December 15 and December 16, I consulted with Ms. Ying Frey a paralegal in GT's Chicago office who is fluent in Mandarin, and asked her to provide translations of a representative sampling of the above-referenced shipping labels that were written in Chinese characters and Chinese language. Ms. Frey provided these translations in a declaration submitted to the Court herewith. I have reviewed the analysis provided by Ms. Frey. I am confident in Ms. Frey's abilities and, to the best of my knowledge and belief, her translation and analysis are true and correct.

6.      On December 15 and December 16, I consulted with Mr. Hewlett and asked him to compile additional information about the investigation he and other Vaudra investigators undertook on behalf of Tory Burch in this matter to determine the identities of each of the Defendants and to determine whether any of the physical addresses discovered in connection with Defendants' web sites, domain name registrations or return addresses on shipping labels were valid. I also provided Mr. Hewlett with Ms. Frey's translations of the above-referenced

Chinese language shipping labels and asked him to review these translations to attempt to determine whether any of the translated addresses are valid.

7.   I have worked with Mr. Hewlett and other investigators at Vaudra for many years, including extensively in the context of cases involving the sale of counterfeit goods online originating from China, and I have great confidence in the quality and integrity of Vaudra's work. I have also regularly consulted with Mr. Hewlett and other Vaudra investigators in this course of this particular investigation. I have reviewed the analysis provided by Mr. Hewlett in his initial declaration and supplemental declaration and am confident, to the best of my knowledge and belief, that Mr. Hewlett's and Vaudra's analysis is true and correct and particularly that, despite extensive research and investigation, Vaudra has been unable to verify any valid physical address for service of process on any Defendant. Based on my review of Vaudra's investigation, I have no doubt that the Defendants in this action are intentionally concealing their identities and have provided false addresses. Further, I am convinced that Tory Burch would be unable to serve any Defendants at any physical addresses identified in Vaudra's investigation.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 16th day of December 2010 in New York, NY.

_____
SCOTT GELIN